UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANGELO PETKOVITS,

Plaintiff, **CV 13**　**6276**

**COMPLAINT**
Jury Demand

- against -

BLOCK, J.

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
RAYMOND KELLY, Commissioner of the NYC Police
Department,
P.O. VICKI TOBIN, and
SERGEANT DANIEL SWEENEY,
each being sued in their individual and professional capacities,

SCANLON, M.J.

Defendants.

-----------------------------------------------------------------X

Plaintiff ANGELO PETKOVITS, by his attorneys CRONIN & BYCZEK, LLP, complaining of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY, each being sued in their individual and official capacities as employees of the CITY, allege, upon information and belief, that:

## NATURE OF ACTION

1. This is an action for equitable relief and money damages on behalf of plaintiff ANGELO PETKOVITS, (hereinafter referred to as "Plaintiff") who was, and who is prospectively deprived of his statutory and constitutional rights as a result of the defendants' policies and practices of discrimination based upon his perceived disability, hostile work environment and retaliation. Said policies were implemented under color of law.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to

1

secure protection of and to redress deprivation of rights secured by:

    a.   Title I of The Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") which prohibits covered employers from discriminating against an employee who is a "qualified individual with a disability;"

    b.   §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 (hereinafter "Rehabilitation Act");

    c.   The unlawful employment practices, violations of plaintiff's civil rights and tortious acts complained of herein were committed within the Eastern District of New York.

3.   The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-502 and § 8-102, pursuant to 28 U.S.C. § 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

4.   Plaintiff is a male citizen of the United States of America over twenty-one (21) years of age. He is a resident of the County of Nassau, State of New York and, at all times hereinafter mentioned, was an employee of Defendant CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as the "NYPD"). For the purposes of this litigation, NYPD may be used interchangeably with Defendant CITY to identify the employer which is Defendant CITY.

2

## DEFENDANTS

5. Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Police Department ("NYPD") that acts as its agent and for which it is ultimately responsible.

6. Defendant CITY is an employer as defined in the ADA and Rehabilitation Act, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

7. Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") operates under the direct authority of the CITY and is the official CITY agency and maintains control offices at One Police Plaza, New York, New York.

8. Defendant RAYMOND KELLY ("KELLY") was at all relevant times the Commissioner of the NYPD and is sued in his individual and official capacity.

9. Defendant POLICE OFFICER VICKI TOBIN ("TOBIN"), a female, was at all relevant times a Police Officer for the New York City Police Department, who, upon information and belief, has no medical training, and is acting in such capacity at all times relevant herein. Defendant TOBIN is sued in her individual and official capacities.

10. Defendant SERGEANT DANIEL SWEENEY ("SWEENEY"), a male, was at all relevant times a Sergeant for the New York City Police Department, who, upon information and belief, has no medical training, and is acting in such capacity at all times relevant herein. Defendant SWEENEY is sued in his individual and official capacities.

## PROCEDURAL REQUIREMENTS

11. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

12. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

13. On or about November 27, 2012, Plaintiff submitted a complaint with the EEOC under charge number 520-2013-00426.

14. On or about August 14, 2013, Plaintiff received a Notice of Right to Sue letter from the EEOC (Exhibit "A").

## FACTUAL BACKGROUND

15. Plaintiff PETKOVITS is a male who complained of perceived disability discrimination, harassment, hostile work environment and retaliation. Said information was known to all defendants.

16. At all times hereinafter mentioned, Plaintiff PETKOVITS was employed by the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT as a Sergeant. His date of appointment was July 1, 2004, and he was promoted to Sergeant on August 5, 2009.

17. Plaintiff has been subjected to a continuing pattern and practice of discrimination and hostile work environment based upon his perceived disability and in retaliation for complaining about defendants' discriminatory actions and other wrongdoings.

18. On or about November 12, 2010, while on duty as a NYPD Sergeant, Plaintiff was involved in a serious car accident, in which he was the passenger, leaving him injured. Said injury was later approved by the City of New York as a "Line of Duty" injury.

19. On or about February 1, 2012, Plaintiff underwent major surgery, which consisted of a two-level spinal fusion on the bottom two discs in his spine. The surgery forced Plaintiff to remain out sick for an extended period of time.

20. The post-surgery recovery was extremely difficult and painful, thereby necessitating Plaintiff to take physician-prescribed pain-management medications.

21. On May 31, 2012, the medical division took Plaintiff's gun "for safe keeping" because of the medication he was on. Upon information and belief, not all members of the NYPD who are on pain medication are required to forfeit their weapon.

22. On or about June 20, 2012, Plaintiff was evaluated at the NYPD Counseling Services Unit (hereinafter "CSU") by Defendant TOBIN. TOBIN then conferred with her supervisor, Defendant SWEENEY, for a short period of time following the evaluation, both of whom then decided to label Plaintiff "an addict."

23. Said conclusion was reached without addressing Plaintiff's medical condition (namely, the painful injury and surgery from which he was, and still is, recovering), and without even conferring with any qualified medical professionals, nor less the medical doctors actually treating Plaintiff.

24. Plaintiff urged Defendants TOBIN and SWEENEY to confer with his surgeon, Dr. Frempong, about his condition, in an effort to help them understand his condition. Defendants refused to do so, refusing to speak to Plaintiff's doctor when he called CSU. Instead, they ordered Plaintiff to attend a twenty-eight day inpatient detox beginning immediately or face immediate suspension.

25. Plaintiff arrived at the inpatient rehabilitation facility, Mirmont Treatment Center, located in Pennsylvania at about midnight. He was medically assessed, found not to be an "addict" in need of rehab, and was then discharged, all within fifteen hours.

26. Mirmont, unlike the CSU, did in fact confer with Plaintiff's surgeon, physician and wife before reaching a conclusion, thusly discharging him immediately. Upon his discharge

5

from the facility, Plaintiff was told he was "not an addict." In fact, the facility even refilled his prescriptions for Percocet and Valium, before they drove him home.

27. The day following his discharge, Plaintiff was again ordered by CSU and Defendant SWEENEY to attend a nine-day outpatient detox program at Parallax. At that time, SWEENEY verbally abused Plaintiff, labeled him a "scammer," and claimed that Valium had nothing to do with back spasms (from which Plaintiff suffered). Specifically, SWEENEY stated that Plaintiff had "kept NYPD out of the loop" while he was in the rehab facility (Plaintiff was immobilized in bed and without a cell phone), and that Plaintiff had "tricked the rehab facility as all addicts are capable of doing."

28. Again, Defendant SWEENEY threatened Plaintiff with suspension, should he refuse to attend the outpatient detox.

29. Defendant SWEENEY had the audacity to compare Plaintiff to another officer who had recently taken his own life, simply because that officer had been on the same medication as Plaintiff. Despite his utter lack of medical training or knowledge, SWEENEY insisted that Plaintiff's doctors did not know what they were giving him, that the medication was not right and that Plaintiff had to be detoxed immediately.

30. Defendant SWEENEY even had the gall to ask Plaintiff's wife where Plaintiff gets his drugs from and if he is a "common junkie on the street."

31. On or about June 22, 2012, Plaintiff was again forced, against his will, to attend the outpatient detox program, where he was administered a "detox packet" meant for heroin addicts, which left him heavily sedated, and without function of his legs, leaving him wheelchair-bound. Plaintiff required his wife and friends to help him out of bed and into the car, to be able to arrive at the program meetings as required by Defendants.

6

32. On or about June 25, 2012, Plaintiff was released from the outpatient program, again considered "not an addict."

33. A registered nurse, who worked at the outpatient program, spoke to Defendant TOBIN to advise her (and CSU) of Plaintiff's discharge. In response, TOBIN merely stated definitively "he is an addict."

34. Within days of the June 20, 2012 incident, Plaintiff contacted IAB to lodge a complaint against Defendants TOBIN and SWEENEY.

35. On or about June 27, 2012, Plaintiff was again ordered by Defendants, under threat of suspension, to visit the NYPD pain-management doctor, and to have no further contact with his own physicians, who had been responsible for his medical care for the previous eighteen months.

36. On or about June 28, 2012, the NYPD pain-management doctor changed Plaintiff's medication, placing him on 40mg of Oxycontin and took him off of Percocet and Valium.

37. On or about July 10, 2012, Plaintiff was ordered to meet with Lieutenant Valenti of the NYPD Medical Division, regarding his continued absence from full duty. A few days before the meeting with Valenti, Plaintiff had an appointment with Dr. Jan, a private pain-management doctor. Defendants TOBIN and SWEENEY "recommended" that Plaintiff go to Dr. Jan, or else he would be suspended. At the appointment, Dr. Jan told Plaintiff that he would be increasing his dosage to 60mg of Oxycontin at his next appointment.

38. At the time, Plaintiff required a cane to walk, and was in constant pain, which was apparent to Lt. Valenti and NYPD Police Surgeon Dr. Goldman at the meeting. Despite the foregoing, and the fact that he was not a physician, Lt. Valenti evaluated Plaintiff and

ordered him to return to work. He ordered Plaintiff to return to the 108th Precinct, which was an hour-and-a-half commute from his home in East Meadow, New York.

39. Plaintiff advised both Dr. Goldman and Lt. Valenti, as well as the NYPD-recommended pain-management doctor, Dr. Jan, that he believed it was dangerous for him to drive for such an extended amount of time while on 60mg of Oxycontin. He also informed Dr. Goldman and Lt. Valenti that the 108th Precinct was an old building and as such had a lot of stairs, which Plaintiff had trouble climbing. Lt. Valenti stated "it's not the NYPD's responsibility how you get to work."

40. On or about July 16, 2012, Plaintiff was returned to work, while continuing his prescribed 60mg of Oxycontin per day. Plaintiff was returned to the 108th Precinct, and was required to make the one-and-a-half hour commute from his home, which was obviously very difficult considering his severe back injury. Moreover, Plaintiff was forced to remain on the day tour, so as to be "available" to CSU. Thus, Plaintiff was not accommodated with regard to his long commute, his trouble climbing stairs, and his ability to shorten his commute by switching to the night tour.

41. Based on the foregoing, on or about July 20, 2012, Plaintiff specifically requested a reasonable accommodation from Defendant TOBIN.

42. From about June 19, 2012 to about July 24, 2012, Plaintiff was ordered not to attend his prescribed physical therapy sessions. As a result, Plaintiff suffered excruciating pain, and, based on consultation with his physicians, his recovery from the spinal fusion was delayed.

43. After approximately one month of physical therapy, and despite requiring the same 60mg dosage, Plaintiff on his own reduced his dosage to 20mg.

44. On or about July 25, 2012, IAB came to Plaintiff's home in order to interview him regarding his complaints against TOBIN and SWEEENY. In response, Defendants retaliated against Plaintiff by requiring him to undergo further counseling and treatment, threatening him again with suspension and continuing to withhold his firearm.

45. On or about September 20, 2012, Plaintiff's surgeon, Dr. Frempong, performed further x-rays of Plaintiff which revealed the partial-fusion supporting his back, which reduced the amount of pain, though Plaintiff still suffered from heavy muscle spasms.

46. On or about September 26, 2012, Plaintiff, of his own volition, returned 35 tablets of his 20mg Oxycontin prescription to the NYPD pain-management doctor.

47. Notwithstanding Plaintiff's weaning himself off of the prescribed Oxycontin, he was again ordered, under threat of suspension, to appear at NYPD CSU on October 10, 2012.

48. Thereafter, Plaintiff was ordered to attend an eight-week education course on alcohol/drug abuse.

49. Defendant TOBIN refused to provide Plaintiff with his diagnosis, or the names or functions of persons providing his treatment or recommendations for treatment. TOBIN again ordered Plaintiff to attend the program or face suspension.

50. Plaintiff was also informed by CSU that he would have to successfully complete the program in order to get his firearm back and be restored to full duty.

51. Plaintiff informed CSU that he was on a three-week leave during October, pre-approved by his command; he was then released and directed to call back on November 12, 2012.

52. On or about October 11, 2012, Plaintiff was again ordered to appear at the NYPD Medical Division for evaluation by Dr. Galvin. At the evaluation, Plaintiff gave Dr.

Galvin his pain-management doctor's notes, which stated that Plaintiff was no longer taking Oxycontin. Plaintiff was given paperwork to retrieve his firearm.

53. On or about October 12, 2012, Plaintiff retrieved his firearm and shield.

54. Following his October leave, Plaintiff began working restricted duty, with his firearm and shield, as of November 13, 2012.

55. On or about November 23, 2012, Plaintiff was called down to CSU again and was again ordered to attend the eight-week education program for substance and alcohol abuse, or face further suspension.

56. Defendant TOBIN told Plaintiff that he had been diagnosed as "Opiate Dependent" and that said "dependency" had affected his work.

57. Defendant TOBIN also falsely alleged that Plaintiff had taken more medication than he had been prescribed, which was wholly untrue.

58. Finally, TOBIN also accused Plaintiff of mixing alcohol and Percocet, referring to two beers that he had consumed on Father's Day in June.

59. Plaintiff was told he would not have his firearm returned until he successfully completed the program again.

60. Plaintiff was required to submit to weekly urine tests on his own time, as well as attend the program on his own time. Further, Plaintiff was required to use his personal insurance to pay for the program, with him personally responsible for anything not covered by insurance.

61. Plaintiff was required to attend a Christmas party at John Jay College for alcoholics and drug-addicts. Thus, Plaintiff was publicly labeled an addict as a result of his attendance.

having complained, Plaintiff has suffered severe and extreme physical, emotional and mental injuries and damages. Plaintiff has also suffered economic loss, and will continue to suffer economic loss as a result of the discriminatory, hostile and retaliatory conduct of Defendants. Plaintiff's recovery from his spinal injury and surgery was delayed as a result of Defendants' conduct, and his pain prolonged and amplified. Defendants denied Plaintiff medical care and interfered with his medical care, causing much pain and suffering and other injuries. Plaintiff's application for life insurance was recently denied due to his "history of detox for prescription pain medications in 2012."

**VIOLATIONS AND CLAIMS ALLEGED**

**COUNT I**
**DISABILITY DISCRIMINATION IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT OF 1990**

66. Plaintiff re-alleges paragraphs 1 through 65 and incorporates them by reference as paragraphs 1 through 65 of Count I of this Complaint.

67. At all relevant times, plaintiff was perceived to have been a qualified individual with a disability within the meaning of 42 U.S.C. §12102.  More particularly, plaintiff was perceived to be a qualified individual with a mental impairment that substantially limited one or more of his major life activities, which would have precluded his ability to pursue a career in law enforcement with Defendant CITY.

68. Defendants' CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY, failure to treat plaintiff in a manner comparable to other similarly situated temporarily disabled and/or perceived disabled

individuals, constitutes discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

69. Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

**COUNT II**
**RETALIATION IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT OF 1990**

70. Plaintiff re-alleges paragraphs 1 through 69 and incorporates them by reference as paragraphs 1 through 69 of Count II of this Complaint.

71. Plaintiff allege that Defendants' CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY, engaged in various retaliatory actions against him as a result of his opposition to perceived disability discrimination and as a result of him filing complaints of employment discrimination with defendant CITY and the EEOC in violation of 42 U.S.C. § 12203(a).

72. That as a result of the illegal retaliatory acts of Defendants CITY and the NYPD through its agents, plaintiff suffered depression and anxiety.

**COUNT III**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT OF 1990**

73. Plaintiff re-alleges paragraphs 1 through 72 and incorporates them by reference as paragraphs 1 through 72 of Count III of this Complaint.

74. Plaintiff allege that defendants' CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY, engaged in various severe and hostile actions against him as a result of his opposition to perceived disability

discrimination and as a result of him filing complaints of employment discrimination with defendant CITY and the EEOC.

75. That as a result of the illegal retaliatory acts of defendants CITY and the NYPD through its agents, plaintiff suffered depression and anxiety.

**COUNT IV**
**PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF**
**§ 504 THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794**

76. Plaintiff re-alleges paragraphs 1 through 75 and incorporates them by reference as paragraphs 1 through 75 of Count IV of this Complaint.

77. At all relevant times, Plaintiff has been an individual with a perceived disability within § 7(8) of the Rehabilitation Act of 1973, 29 U.S.C. § 706(8).  More particularly, Plaintiff has been perceived as having an addiction to pain-management medications that substantially limit one or more of his major life activities, has a record of such an impairment, and/or is regarded by Defendants as having such an impairment.

78. Plaintiff is a qualified individual with a disability as that term is defined in § 7(8) of the Rehabilitation Act of 1973, 29 U.S.C. § 706(8).  More specifically, Plaintiff is an individual with a perceived disability who, with reasonable accommodation, can perform the essential functions of his job.

79. Upon information and belief, CITY OF NEW YORK is the recipient of federal financial funding.

80. Defendants have refused to make a reasonable accommodation to Plaintiff and/or has dispensed with the reasonable accommodation they have been providing.

81. Defendants have altered the terms and conditions of Plaintiff's employment because of his perceived disability, to include forcing him to go out on disability.

82. Defendants' failure to make reasonable accommodations to Plaintiff's perceived disability and their disparate treatment of the Plaintiff constitutes discrimination against Plaintiff with respect to the terms, conditions, or privileges of employment. Defendants' actions constitute a violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

83. Defendants acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

84. As a direct and proximate result of Defendants' discrimination on the basis of disability or perceived disability, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

85. Defendants' failure to make a reasonable accommodation to Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, as well as other non pecuniary losses.

## COUNT V
## RETALIATION IN VIOLATION OF
## § 504 THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794

86. Plaintiff re-alleges paragraphs 1 through 85 and incorporates them by reference as paragraphs 1 through 85 of Count V of this Complaint.

87. At all relevant times, Plaintiff has been an individual with a perceived disability within § 7(8) of the Rehabilitation Act of 1973, 29 U.S.C. § 706(8). More particularly, Plaintiff has been perceived as having an addiction to pain-management medications that substantially limit one or more of his major life activities, has a record of such an impairment, and/or is regarded by Defendants as having such an impairment.

88. Plaintiff is a qualified individual with a disability as that term is defined in § 7(8) of the Rehabilitation Act of 1973, 29 U.S.C. § 706(8). More specifically, Plaintiff is an

substantially limit one or more of his major life activities, has a record of such an impairment, and/or is regarded by Defendants as having such an impairment.

97. Plaintiff is a qualified individual with a disability as that term is defined in § 7(8) of the Rehabilitation Act of 1973, 29 U.S.C. § 706(8). More specifically, Plaintiff is an individual with a perceived disability who, with reasonable accommodation, can perform the essential functions of his job.

98. Upon information and belief, CITY OF NEW YORK is the recipient of federal financial funding.

99. Plaintiff alleges that The Rehabilitation Act of 1973, 29 U.S.C. §794, makes it unlawful to create, condone or and/or tolerate a hostile working environment based upon perceived disability discrimination, and retaliation for charging same.

100.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY created, condoned and/or tolerated a hostile working environment which negatively affected the terms and conditions of his employment.

101.    Plaintiff alleges that defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY's violations caused Plaintiff to sustain damages.

## COUNT VII
## PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

102.    Plaintiff re-alleges paragraphs 1 through 101 and incorporates them by reference as paragraphs 1 through 101 of Count VII of this Complaint.

103.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon a perceived disability or for having made charges of same.

104.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY, discriminated against the Plaintiff based on his perceived disability and for having made charges of same.

105.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, DEPUTY P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY, plaintiff has suffered the indignity of perceived disability discrimination, and great humiliation.

106.    Plaintiff alleges that because of Defendants' CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY violations, Plaintiff has been damaged.

## COUNT VIII
## RETALIATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

107.   Plaintiff re-alleges paragraphs 1 through 106 and incorporates them by reference as paragraphs 1 through 106 of Count VIII of this Complaint.

108.   Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon his perceived disability and makes it illegal to retaliate for charging same.

109.   Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY discriminated against the Plaintiff based on a perceived disability and in retaliation for charging same.

110.   Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY, plaintiff has suffered the indignity of retaliation and great humiliation.

111.   Plaintiff alleges that because of defendants' CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY's violations, Plaintiff has been damaged.

## COUNT IX
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW §296

112.    Plaintiff re-alleges paragraphs 1 through 111 and incorporates them by reference as paragraphs 1 through 111 of Count IX of this Complaint.

113.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to create, condone and/or tolerate a hostile working environment based upon a perceived disability, harassment, and retaliation.

114.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY created, condoned and tolerated a hostile working environment which negatively affected the terms and conditions of his employment.

115.    Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY created, condoned and tolerated a hostile working environment which caused Plaintiff to sustain damages.

## COUNT X
### PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

116.    Plaintiff re-alleges paragraphs 1 through 115 and incorporates them by reference as paragraphs 1 through 115 of Count X of this Complaint.

117.    Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of

employment based upon a perceived disability and makes it illegal to retaliate for charging same.

118. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY discriminated against the Plaintiff based upon his perceived disability and in retaliation for charging same.

119. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY, Plaintiff has suffered the indignity of perceived disability discrimination, retaliation and great humiliation.

120. Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY's violations, Plaintiff has been damaged.

**COUNT XI**
**RETALIATION IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE §8-107**

121. Plaintiff re-alleges paragraphs 1 through 120 and incorporates them by reference as paragraphs 1 through 120 of Count XI of this Complaint.

122. Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of

employment based upon a perceived disability and makes it illegal to retaliate for charging same.

123.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY discriminated against the Plaintiff based upon his perceived disability and in retaliation for charging same.

124.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY, Plaintiff has suffered the indignity of perceived disability discrimination, retaliation and great humiliation.

125.     Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY's violations, Plaintiff has been damaged.

**COUNT XII**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE §8-107**

126.     Plaintiff re-alleges paragraphs 1 through 125 and incorporates them by reference as paragraphs 1 through 125 of Count XII of this Complaint.

127.     Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to create, condone or and/or tolerate a hostile working environment based upon perceived disability discrimination, and retaliation for charging same.

128.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY created, condoned and/or tolerated a hostile working environment which negatively affected the terms and conditions of his employment.

129.     Plaintiff alleges that defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, P.O. VICKI TOBIN and SERGEANT DANIEL SWEENEY's violations caused Plaintiff to sustain damages.

## JURY TRIAL

130.     Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory and punitive damages from these Defendants jointly and severally, in an amount to be determined at trial, plus any available statutory remedies, both legal and equitable, and interests and costs.

Dated: November 12, 2013
      Lake Success, New York

                    Yours, etc.,

                    **CRONIN & BYCZEK, LLP**
                    *Attorneys for Plaintiff*

BY:                             
                    Moshe C. Bobker
                    1983 Marcus Avenue, Suite C-120
                    Lake Success, New York 11042
                    (516) 358-1700